UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

       Plaintiff

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

       Defendants
_____/

Case No. 5:14-cv-11812
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH SUBPOENA (DE 29)

This matter is before the Court for consideration of Defendants' Motion to Quash Plaintiff's Subpoenas.[1] (DE 29, 30, and 34.) For the reasons that follow, Defendants' Motion to Quash will be **GRANTED IN PART AND DENIED IN PART.**

I.    BACKGROUND

The Court set out the background in this case in its Report and Recommendation dated February 27, 2015. (DE 45.) The Court incorporates the

---

[1] Although two of the individuals seeking to quash the subpoenas are non-parties, for ease of reference the Court will refer to the entire group as "Defendants."

February 27, 2015 Report and Recommendation and will only set out the facts necessary to dispose of the instant motion.

Plaintiff Van Jenkins is currently incarcerated at the Michigan Department of Corrections' Parnall Correctional Facility in Jackson, Michigan. He filed the instant lawsuit in the Western District of Michigan on December 5, 2013. He filed an Amended Complaint on February 26, 2014. (DE 3.) On May 2, 2014, Judge Bell in the Western District entered an opinion (DE 4) and order of partial dismissal and transfer (DE 5), dismissing with prejudice Plaintiff's claims against all Defendants except Patrick M. Clark, Douglas Fox, Erika T. Saxton, Clinton Bradley, Gary Edwards, Fern Bean, Annette White, and Adrian L. Green and transferring the case to the Eastern District of Michigan.

On February 27, 2015, I issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims against Defendants Fox, Saxton, Bradley, Edwards, White, and Bean on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (DE 45.) Objections to the Report and Recommendation, if any, are due on or before March 12, 2015. For the purposes of this Order and until the Report and Recommendation is ruled upon by Judge Levy, the Court will consider Saxton and Bean as current Defendants.

Defendants Saxton and Green and non-party Melody Wallace filed the instant Motion on September 23, 2014. (DE 29.) Defendants then filed two

2

supplements to the motion: the first to add the subpoena served on Defendant Bean (DE 30) and the second to add the subpoena served on non-party Michelle Riseley. (DE 34.) Instead of filing a response brief, on October 17, 2014, Plaintiff filed a "Motion for Contempt for Refusal to Comply with Writ of Subpoenas," which included an "Ex Parte Motion to Appoint [a] United States Marshal to Serve Motion for Contempt for Refusal to Comply with Writ of Subpoenas Duces Tecum and to Investigate and Seize Evidenti[ary] Materials." (DE 36.)

## II. STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas and allows a district court, on proper motion, to quash a subpoena for documents or testimony. The decision to quash a subpoena is within the sound discretion of the district court. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003). The Rule provides in relevant part that the issuing court *must* quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . . ;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failing to serve written objections by the time provided in Rule 45 generally waives those objections. "'In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections.'" *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)). Courts have found unusual circumstances where, for example, "the subpoenaed witness is a non-party acting in good faith." *Id.*

Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Sys. Prod. and Solutions, Inc., v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014). The Rule allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

## III.  ANALYSIS

Defendants assert that the Court should quash Plaintiff's subpoenas for two reasons. First, they argue that Plaintiff did not provide a reasonable time in which to comply with the subpoenas. Specifically, they note that they received the subpoenas between September 10, 2014 and September 12, 2014. (Mot. 2, DE 29.)

4

All of the subpoenas required compliance on or before September 15, 2014. (Id.) Second, Defendants contend that the subpoenas are unduly burdensome under Rule 45(d)(3)(iv) and may require disclosure of privileged or protected matter. However, Defendants note that "more specific objections cannot be made at this time" due to the short period of time for compliance imposed by Plaintiff. (Id. at 3.) In his Motion for Contempt, Plaintiff does not address either argument specifically. Instead, he asserts that the subpoenas were properly served and relevant. (DE 36.)

As a preliminary matter, the Court will consider Defendants' objections, in the form of their Motion to Quash, timely filed. The subpoenas were served on the individuals between September 10, 2014 and September 12, 2014. (DE 29-1, 29-2, 29-3, 29-4, 29-5, 30-2, and 34-2.) They filed their initial Motion on September 23, 2014 and their most recent supplement on October 1, 2014. Although Rule 45(d)(2)(B) requires objections to be made "before the earlier of the time specified for compliance or 14 days after the subpoena is served," the timeline imposed by Plaintiff did not provide sufficient time to object. Instead, the individuals filed their Motion approximately a week after receiving the subpoenas. The Court concludes that this situation, in which Defendants (including two non-parties) had only one to two days after service to comply and acted in good faith to file objections as soon as possible, represents an unusual circumstance under which

untimely objection should not serve as a waiver. *See Am. Elec. Power Co.*, 191 F.R.D. at 136-37 (concluding that objections were not waived for untimely filing where the subpoenaing party could not have legitimately expected to receive the documents on time); *Zamorano v. Wayne State Univ.*, No. 07-12943, 2008 WL 597224, at *1-2 (E.D. Mich. Mar. 3, 2008) (untimely objections were not waived where a non-party made a good-faith attempt to timely object); *State Farm Mut. Auto Ins. Co. v. Hawkins*, No. 08-10367, 2010 WL 2287454, at *3 (E.D. Mich. June 4, 2010) (finding unusual circumstances weighing against waiver where the "failure to serve timely objections . . . [was] the result of understandable confusion, rather than bad faith.").

Having considered Defendants' objections, the Court concludes that Plaintiff's subpoenas must be modified to provide a reasonable time for compliance. Plaintiff gave the individuals as little as one day to comply with the discovery requests, which were fairly extensive in some cases. For example, Plaintiff seeks "guidelines, directives, policy statements, procedures, and training materials, in any form and of any type" from September 13, 2005 through September 13, 2008. (Green Subpoena ¶ 4, DE 29-4, *see also* DE 29-3 and 34-2.) This is not enough time for Defendants to reasonably comply. *See, e.g., Saffady v. Chase Home Fin., Inc.*, No. 10-11965, 2011 WL 717564, at *3 (E.D. Mich. Feb. 22, 2011) (concluding that a subpoena that provided four business days in which to

comply failed to allow reasonable time for compliance).  Accordingly, the Motion to Quash is **GRANTED IN PART AND DENIED IN PART**.  The Court will **MODIFY** Plaintiff's subpoenas to require compliance **ON OR BEFORE APRIL 17, 2015**.

The Court declines to quash the subpoenas on the basis of undue burden.  The subpoenaed individuals have not provided sufficient information to evaluate the subpoenas on this basis.  Nor does the Court make any evaluation as to the relevance of the discovery requests or any potential claims of privilege.

**IT IS SO ORDERED.**


Dated: March 16, 2015                               s/Anthony P. Patti
                                                    Anthony P. Patti
                                                    UNITED STATES MAGISTRATE JUDGE



### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 16, 2015, electronically and/or by U.S. Mail.

                                                    s/Michael Williams
                                                    Case Manager for the
                                                    Honorable Anthony P. Patti
                                                    (313) 234-5200