UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

    Plaintiff

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants
_____/

Case No. 5:14-cv-11812
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CONTEMPT (DE 36)

**I.**    **RECOMMENDATION**: The Court should deny Plaintiff's Motion for Contempt. (DE 36).

**II.**    **REPORT**

    **A.**   **Background**

Except where a United States Magistrate Judge exercise consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead, the Magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day

certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the Undersigned certifies these facts to Judge Levy:

1. Plaintiff served subpoenas dated September 9, 2014 on Defendants Erika Saxton, Fern Bean, and Adrian Green and non-parties Michelle Risely and Melody Wallace.  (DE 36 at 18-51.)

2. The subpoenas required compliance by September 15, 2014.  (Id.)

3. The individuals received the subpoenas between September 10 and September 12, 2014.  (DE 29, 30, 34.)

4. On September 23, 2014, the Saxton, Wallace, Green, and Bean filed a Motion to Quash Subpoenas.  (DE 29, 30.)  They asserted that Plaintiff failed to provide a reasonable time for compliance and that the requests were unduly burdensome.   (Id.)

5. On October 1, 2014, the individuals supplemented their Motion to include the subpoena served upon non-party Michelle Risely.  (DE 34.)

6. Plaintiff filed the instant Motion on October 17, 2014.  (DE 36.) In his Motion, he asks the Court to hold these individuals in contempt for failing to timely respond to the subpoenas, to make an entry of default

judgment against Saxton, Green, and Bean (the individuals who remain Defendants in this action), and to order the United States Marshal to "investigate and seize" the documents Plaintiff seeks in the subpoenas. (DE 36.)

7. On January 30, 2015, Plaintiff filed a Request for Hearing on his Motion for Contempt, in which he asserts that a hearing is required because the Court has not yet heard his Motion. (DE 44.)

8. On March 16, 2015, the Court issued an Order concluding that Plaintiff did not allow a reasonable period of time in which to comply with the subpoenas. The Court modified the subpoenas to require compliance by April 17, 2015. (DE 47.)

**B. Analysis**

Whether to hold a party in contempt is within the sound discretion of the district court, but it is one that "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW, v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 378 (quoting *NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).

3

Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

### C. Discussion

The Undersigned recommends that Plaintiff's Motion for Contempt be **DENIED**. Plaintiff has not met his burden to show by clear and convincing evidence that the individuals violated a clear and specific order of the Court. The basis of Plaintiff's Motion is that the individuals should be held in contempt for failing to timely comply with his outstanding subpoenas. At the time Plaintiff filed his Motion, the alleged contemnors had pending before the Court a Motion to Quash Subpoenas. (DE 29, 30, 34.) Such a filing held the subpoena in abeyance until the motion was resolved. *See Taylor v. U.S.*, 221 F.2d 809, 810 (6th Cir. 1955) (concluding that a pending motion to quash subpoena holds the subpoena in abeyance pending the resolution of the motion). To be sure, the Motion to Quash was filed after the deadline imposed by Federal Rule of Civil Procedure

45(d)(2)(B), which requires that objections be served "before the earlier of the time specified by compliance or 14 days after the subpoena is served." However, in the March 16, 2014 Order, the Undersigned concluded that the untimely objections represented an unusual circumstance that would not serve as a waiver of the objections. (DE 47 at 5-6.) Specifically, the subpoenas required compliance within one to two days of service, making it nearly impossible for the individuals to object before the time for compliance. Additionally, the Court concluded that the subpoenaed individuals acted in good faith to file their Motion to Quash approximately one week after service of the subpoenas. The Court granted in part that Motion, concluding that Plaintiff did not allow reasonable time for compliance and setting a new deadline by which the individuals are required to comply. (DE 47.) Thus, Plaintiff has not clearly established that the individuals violated an order of the Court.

Even assuming *arguendo* that Plaintiff has provided clear and convincing evidence that the individuals violated a specific court order, the Undersigned concludes that, by filing their Motion to Quash as quickly as possible, the individuals took all reasonable steps within their power to comply with the subpoenas. Thus, the imposition of the sanction of contempt would be improper.

Based on the foregoing, it is also recommended that his Request for Hearing be **DENIED**. (DE 44.) Pursuant to the Local Rules of the Eastern District of

Michigan, the Court "will not hold a hearing on a motion . . . where a person is in custody unless the judge orders a hearing." E.D. Mich. LR 7.1(f)(1).  Here, Plaintiff is in custody.  In addition, the Undersigned believes that the Motion can be decided on the briefing and a hearing on this matter is unnecessary.

## IV.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

6

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 16, 2015                             s/Anthony P. Patti
                                                                  Anthony P. Patti
                                                                  UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 16, 2015, electronically and/or by U.S. Mail.

                                                                   s/Michael Williams
                                                                   Case Manager for the
                                                                   Honorable Anthony P. Patti
                                                                   (313) 234-5200