UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

Van Jenkins,

    Plaintiff,

v

    Case No. 14-cv-11812
    Hon. Judith E. Levy
    Mag. Judge Anthony P. Patti

Michigan Department of
Corrections, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE'S REPORT & RECOMMENDATION [48] DENYING PLAINTIFF'S MOTION FOR CONTEMPT [36], REJECTING PLAINTIFF'S OBJECTIONS TO THE ORDER [47] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH [29], AND ADOPTING THE MAGISTRATE'S REPORT & RECOMMENDATION [45] GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [20, 25]**

Van Jenkins, a prisoner at the Parnall Correctional Facility, filed this action in the Western District of Michigan on December 5, 2013, against the Michigan Department of Corrections ("MDOC"), the Michigan Parole Board, MDOC's Absconder Recovery Unit, Parole Agent Patrick M. Clark, Douglas Fox, Probation Agent Erika T. Saxton, Absconder Recovery Unit Officer Clinton Bradley, Detroit Reentry

Center Parole Agent Gary Edwards, Charles Sinclair, Michelle Risely, Fern Beam, Annette White, Adrian L. Green, and unidentified officers, agents, and staff. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, 18 U.S.C. §§ 241, 242, and the Prisoner Litigation Reform Act ("PLRA").

Following an order of partial dismissal by Judge Robert Holmes Bell, only defendants Clark, Fox, Saxton, Bradley, Edwards, Beam, White, Green, and unknown parties under the PLRA remained in this case. (Dkt. 4 at 16.) On July 15, 2014, defendants Fox, Saxton, Bradley, Edwards, and White filed a motion for summary judgment. (Dkt. 20.) On August 21, 2014, defendant Beam also filed a motion for summary judgment.

The case was transferred to this district on May 6, 2014 (Dkt. 1), and reassigned to this Court on May 13, 2014. (Dkt. 8.)

Before the Court are plaintiff's objections to (1) the Magistrate Judge's Report and Recommendation denying plaintiff's motion for contempt, (2) the Magistrate Judge's Order granting in part and denying in part defendants' motion to quash, and (3) the Report and

Recommendation granting both pending motions for summary judgment. (Dkt. 51, 54.)

For the reasons set forth below, plaintiff's objections are rejected and the Report and Recommendations are adopted as the findings and conclusions of this Court.

I. Background

The Report and Recommendation (Dkt. 45) sets out the facts and procedural background of the case in a clear and accurate fashion and they are hereby adopted.

II. Standard of Review

a. Non-Dispositive Motions

A denial of a motion for contempt and a grant of a motion to quash a subpoena are non-dispositive order. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. L.R. 7.1(e)(2). The district court reviews non-dispositive orders issued by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), which states in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry,* 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (Table). The "contrary to law" standard requires this Court to exercise "independent

4

judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* at 686 (internal citations and quotation marks omitted).

      b. Dispositive Motions

District courts review *de novo* those portions of a Report and Recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a Report and Recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

Objections to the Report must not be overly general, such as objections that dispute the correctness of the Report and Recommendation but fail to specify findings believed to be in error. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *see also Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

III. Analysis

    a. Plaintiff's Objections to the Report and Recommendation Denying his Motion for Contempt and the Order Granting in Part and Denying in Part Defendants' Motion to Quash

While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir.1999), plaintiff's objection wholly fails to state a proper basis for objecting to the Report and Recommendation on plaintiff's motion for contempt and the Order on defendants' motion to quash. The Local Rules of this Court require that the objecting party "specify the part of the order,

6

proposed findings, recommendations, or report to which a person objects [] and state the basis for the objection." E.D. Mich. L.R. 72.1(d)(1). Plaintiff restates his desire to obtain the evidence requested in his subpoena and his belief that defendants have taken too long to respond. (Dkt. 54 at 11.) To the extent that this is a sufficient objection to the Magistrate Judge's Order on defendants' motion to quash, the objection is moot because defendants were ordered to respond to the subpoena by April 17, 2015. (Dkt. 47.) Plaintiff has provided no evidence suggesting that defendants failed to comply with the Magistrate Judge's Order or that defendants should be held in contempt.

> b. Plaintiff's Objections to the Report and Recommendation Granting Defendants' Motion for Summary Judgment

Plaintiff again makes only general objections about the accuracy of the Report and Recommendation without specifically identifying the findings he believes were in error. Nonetheless, the Court has reviewed the issues raised in defendants' motion for summary judgment and agrees with the conclusions reached by the Magistrate Judge.

A prisoner may not bring an action under the PLRA until the available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a). The burden of showing a failure to exhaust administrative

7

remedies in a case covered by the PLRA falls on defendants. *See Jones v. Bock*, 548 U.S. 199, 216 (2007) ("[w]e conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

The Report and Recommendation lays out the grievance process available to prisoners as follows:

> First, the inmate must attempt to resolve any issue with the staff member involved within two days of becoming aware of a grievable issue. (Grievance Policy Directive ¶ P, DE 20-7.) If the issues are not resolved within five days, the inmate may file a Step 1 grievance using the appropriate form. The inmate should receive a response within fifteen days of filing his or her grievance. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. (Id. at ¶ BB.) Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. (Id. at ¶ FF.) Step III grievances are "logged on a computerized grievance tracking system." (Id. at ¶ GG.) The matter is fully exhausted after the disposition of the Step III grievance. *Surles*, 678 F.3d at 455 ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.").

(Dkt. 45 at 9-10.)

Defendants have successfully met their burden of showing that plaintiff failed to complete Step III of the grievance process before filing suit. As the Magistrate Judge set forth:

> Defendants provide a printout of the computerized tracking system for Step III grievances. This document shows that Plaintiff has filed a total of six Step III grievances on November 8, 2009, November 12, 2010, January 27, 2011, May 8, 2014, and May 23, 2014. (DE 20-8.) Because the events giving rise to Plaintiff's Complaint occurred in September 2013, the grievances dated from 2009-2011 are unrelated to the instant action. The May 8, 2014 and May 23, 2014 grievances, however, could be related to Plaintiff's Amended Complaint.5 Plaintiff filed the instant action in federal court on December 5, 2013. (DE 1.) He filed his Amended Complaint on February 26, 2014. (DE 3.) Plaintiff's Step III grievances were therefore not filed until months after he filed his Amended Complaint, assuming that they even relate to the allegations being made in the case at bar.

(Id. at 11-12.) Nothing in plaintiff's objections calls into question these factual findings.

Accordingly, for the reasons set forth above:

The Court DENIES plaintiff's objections and ADOPTS (1) the Report and Recommendation denying plaintiff's motion for contempt (Dkt. 48); (2) the Order granting in part and denying in part defendants' motion to quash (Dkt. 47); and (3) the Report and Recommendation granting defendants' motion for summary judgment. (Dkt. 45.)

Plaintiff's PLRA claims against defendants Fox, Saxton, Bradley, Edwards, White, and Beam are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 4, 2015            s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

9

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2015.

                                      s/Felicia M. Moses
                                      FELICIA M. MOSES
                                      Case Manager