UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Van Jenkins,

      Plaintiff,

v                                     Case No. 14-cv-11812
                                      Hon. Judith E. Levy
                                      Mag. Judge Anthony P. Patti

Michigan Department of
Corrections, *et al.*,

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [60]**

I. Background

Van Jenkins, a prisoner at the Parnall Correctional Facility, filed this action on December 5, 2013, against the Michigan Department of Corrections ("MDOC"), the Michigan Parole Board, MDOC's Absconder Recovery Unit, Parole Agent Patrick M. Clark, Douglas Fox, Probation Agent Erika T. Saxton, Absconder Recovery Unit Officer Clinton Bradley, Detroit Reentry Center Parole Agent Gary Edwards, Charles

1

Sinclair, Michelle Risely, Fern Beam, Annette White, Adrian L. Green, and unidentified officers, agents, and staff. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, 18 U.S.C. §§ 241, 242, and the Prisoner Litigation Reform Act ("PLRA").

On July 15, 2014, defendants Fox, Saxton, Bradley, Edwards, and White filed a motion for summary judgment (Dkt. 20), and on August 21, 2014, defendant Beam also filed a motion for summary judgment. (Dkt. 25.) Magistrate Judge Anthony Patti issued a Report and Recommendation to grant defendants' motions for summary judgment. (Dkt. 45.) Plaintiff timely filed objections. (Dkt. 51.) The Court adopted the Report and Recommendation as the Magistrate Judge properly found that plaintiff had not exhausted his administrative remedies as required under the PLRA. (Dkt. 59.)

On June 30, 2015, plaintiff filed a "Notice for Rehearing of the U.S. District Judge Levy's Opinion and Order Adopting the Magistrate's Report and Recommendation Dated June 4, 2015," which the Court now construes as a motion for reconsideration of the Court's order granting defendants' motions for summary judgment.

2

II. Analysis

Local Rule 7.1(h) allows a party to file a motion for reconsideration. Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). To prevail on a motion for reconsideration a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

In his motion for reconsideration, plaintiff merely restates some of the arguments that he made in his objections to the Magistrate Judge's Report and Recommendation. (Dkt. 60.) Plaintiff provides no evidence

to show that the Court made a palpable error when it found that plaintiff failed to exhaust his administrative remedies. The arguments in his motion were already considered, either explicitly or by reasonable implication, in the Court's order adopting the Report and Recommendation; thus, the motion for reconsideration will be denied. E.D. Mich. L.R. 7.1(h)(3).

Accordingly, IT IS HEREBY ORDERED that:

Plaintiff's motion for reconsideration (Dkt. 60) is DENIED.


Dated: July 2, 2015         s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                        United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2015.

                                                 s/Felicia M. Moses
                                                 FELICIA M. MOSES
                                                 Case Manager