UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

          Plaintiff,

                               Case No.  5:14-cv-11812

v.                            District Judge Judith E. Levy
                              Magistrate Judge Anthony P. Patti

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

          Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT GREEN'S MOTION FOR SUMMARY JUDGMENT (DE 39) AND TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT GREEN PURSUANT TO § 1915 *SUA SPONTE***

I.    **RECOMMENDATION**:  The Court should grant in part and deny in part Defendant Green's Motion for Summary Judgment.  (DE 39.)  In addition, the Court should dismiss Plaintiff's claims against Defendant Green in their entirety, pursuant to 28 U.S.C. § 1915(e), on the basis of quasi-judicial immunity.

II.    **REPORT**

    A.  **Background**

       The Court set out the background in this case in its Report and Recommendation dated February 27, 2015.  (DE 45.)  Accordingly, I incorporate

the February 27, 2015 Report and Recommendation and will only set out the facts necessary to dispose of the instant motion.

Plaintiff Van Jenkins is currently incarcerated at the Michigan Department of Corrections' Parnall Correctional Facility in Jackson, Michigan. He filed the instant lawsuit in the Western District of Michigan on December 5, 2013. (DE 1.) He filed an Amended Complaint on February 26, 2014, asserting claims against thirteen named defendants, along with unidentified officers, agents and staff, under 42 U.S.C. § 1983, 18 U.S.C. §§ 241, 242, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, and state law. (DE 3.) Plaintiff seeks compensatory damages of $50,000, punitive damages of $250,000, attorney fees, and all other relief that the Court deems appropriate. (Id.)

On May 2, 2014, Judge Bell of the Western District of Michigan entered an opinion (DE 4) and an order of partial dismissal and transfer (DE 5) dismissing with prejudice all of Plaintiff's claims under 18 U.S.C. §§ 241, 242 and the ADA (counts I, V, and part of count IV). In addition, he dismissed with prejudice the remaining claims against all Defendants except Patrick M. Clark, Douglas Fox, Erika T. Saxton, Clinton Bradley, Gary Edwards, Fern Bean, Annette White, and Adrian L. Green, and transferred the case to the Eastern District of Michigan. To

date, only Defendant Green, Patricia M. Clark, and John Doe remain as

Defendants.[1]

This matter is before me for consideration of Defendant Green's Motion for

Summary Judgment.[2] Defendant Green was the Michigan Department of

Corrections' Hearing Examiner at Plaintiff's September 23, 2014 preliminary

parole violation hearing.  (DE 41.)  The purpose of the hearing was to determine if

there was probable cause to believe that Plaintiff violated his parole.  (DE 39.)  At

the hearing, Defendant Green found probable cause on all parole violation charges

brought against Plaintiff.  (Id. at 96-97.)  Plaintiff's claims against Defendant

Green are as follows:

> Defendants . . . Parole Agent Adrian L. Green . . . deprived Plaintiff
> Jenkins of his rights to disclosure of the evidence against him, to
> present relevant witnesses, documentary evidence, to confront and
> cross-examine adverse witnesses at the parole violation hearing
> process.

(DE 3-1, ¶ 53.)  In an October 24, 2013 notarized letter to Michelle Risely,

Defendant further clarifies that he requested and was denied an attorney at his

---

[1] The John Doe Defendant has not been identified or served.  Patricia Clark has
also not been served.  (DE 37.)

[2] Plaintiff mentions Defendant Green in his Complaint only in Count I (his claim
under the ADA) and in Count IV (his due process claim under Michigan law and
42 U.S.C. §1983).  (Amended Compl. ¶¶ 44, 53, DE 3-1.)  Because Judge Bell
dismissed Count I in its entirety, I will analyze Plaintiff's claims against Defendant
Green under Count IV alone.

preliminary violation hearing, and that he was not provided with an attorney.  (DE 41 at 92.)  He also notes that he requested "not only an attorney but" also the opportunity to present witnesses and documentary evidence.  (Id.)  Finally, he indicates that he was denied the opportunity to cross-examine adverse witnesses. (Id. at 93.)

In his sworn affidavit, Defendant Green admits that he was the Hearing Examiner at Plaintiff's preliminary parole violation hearing, but disputes Plaintiff's assertion that he requested an attorney.  (DE 39-2 at ¶ 3.)  He indicates that Parole Agent Gary Edwards did not indicate that Plaintiff requested an attorney prior to the hearing.  (Id.)  Nor does he remember Plaintiff requesting an attorney at the hearing.  (Id.)  Defendant Green does not address the remainder of Plaintiff's allegations as to the preliminary parole violation hearing.

Defendant Green filed the instant motion for summary judgment on December 3, 2014.  (DE 39.)  Defendant Green asserts that he is entitled to qualified immunity because Plaintiff has failed to adduce sufficient evidence that his actions violated clearly established law.  Specifically, he contends that Plaintiff's only remaining claim against him is one for a denial of due process because he allegedly failed to provide Plaintiff with an attorney at his preliminary parole violation hearing.  He asserts that Plaintiff is not entitled to the appointment of an attorney at such a hearing and, therefore, has not established that Defendant

4

Green violated a clearly established right.  Defendant Green does not address
Plaintiff's assertion that he was unable to present witnesses, to present
documentary evidence, or to confront adverse witnesses at the hearing.

Plaintiff opposes the Motion.[3]  In his unsworn response, he asserts that he
was denied due process rights under both the United States and Michigan
Constitutions at his preliminary parole violation hearing.  According to Plaintiff,
Defendants did not provide any of the rights required by Mich. Comp. Laws §
791.239a.  In addition, he asserts that Defendants improperly denied him an
attorney at the hearing, as would have been required by Mich. Comp. Laws §
791.240a.  He further notes that Defendants generally are not entitled to qualified
immunity because they assaulted him when he entered the Probation Office in
Lincoln Park.  He does not, however, identify Defendant Green as one of the
individuals who participated in the alleged assault.  Finally, Plaintiff repeats the
standard for deciding a motion to dismiss under Federal Rule of Civil Procedure
12(b), rather than Rule 56.

---

[3] In his Response, Plaintiff extensively discusses his disagreement with Judge
Bell's dismissal of certain claims and Defendants.  He also summarizes a traffic
stop that appears to relate to Case No. 13-14489.  Because Judge Bell's ruling and
Case No. 13-14489 are not at issue here, I will only address the portions of
Plaintiff's Response that relate to the instant Motion.

B. **Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion.").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also*

6

*Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .  [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).  Summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 371, 322-23 (1986)).

### C.  <u>Discussion</u>

#### 1.   **Defendant Green is Entitled to a Grant of Summary Judgment on the Basis of Qualified Immunity as to Plaintiff's Claims Related to the Provision of an Attorney at the Hearing.**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation and quotation omitted).  The Court conducts a two-step analysis in assessing qualified immunity.  First, the Court determines whether "the violation of a

constitutional right has occurred" and second, whether the "constitutional right at issue was clearly established at the time of defendant's alleged misconduct." *Grawey v. Drury*, 567 F.3d 302, 309 (6th Cir. 2009). While the better approach in resolving cases in which qualified immunity is raised is to "determine first whether the plaintiff has alleged a deprivation of a constitutional right at all," before moving onto step two, this order of analysis is not mandatory. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998); *Pearson*, 555 U.S. at 236 (holding that courts analyzing claims of qualified immunity are not required to first determine whether the facts shown by plaintiff demonstrate a constitutional violation before determining whether the right was clearly established). A constitutional violation is clearly established where there is "on-point, controlling authority or a 'robust consensus of cases of persuasive authority.'" *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011)).

The nature of Plaintiff's claim against Defendant Green, the Hearing Examiner at Plaintiff's preliminary parole violation hearing, is somewhat unclear. Plaintiff sets out his claim related to the preliminary parole violation hearing as follows:

> 53.    Defendants . . . deprived Plaintiff Jenkins of his [r]ights to disclosure of the evidence against him, to present relevant witnesses, documentary evidence, and to confront and cross-

8

> examine adverse witnesses at the parole violation hearing process.

> 54.    As a result of the deprivation of rights under color of law at the parole violation hearing process, the plaintiff's liberty is infringed upon[,] causing him to suffer[] damages, and damages of the lost property and from creditors as aforesaid.

(DE 3-1, ¶¶ 53 and 54.)  As best as I can discern, Plaintiff asserts that Defendant Green violated his rights under the Due Process clause of the Fourteenth Amendment and the Michigan Constitution by not providing him with the rights outlined in Michigan's statutory scheme related to parole, including Mich. Comp. Laws § 791.239a.[4]  That statute provides that the accused parolee is entitled to the following rights at the preliminary hearing: 1) the disclosure of evidence against him or her; 2) the right to testify and present relevant witnesses and documentary evidence; and 3) the right to confront and cross-examine adverse witnesses.  Mich. Comp. Laws § 791.239a(3).  Plaintiff does not provide any information as to how these rights were violated, except in a letter to non-party Michelle Risely in which he asserts that he was improperly denied an attorney at the preliminary parole violation hearing.  (DE 41.)  In addition, he indicates that he had "several police officers" who (as best as I can discern) may have been willing to testify, along with

_____

[4] Plaintiff also cites to Mich. Comp. Laws § 791.240a.  (DE 3-1.)  While this provision does set out a process by which an indigent parolee can request appointment of counsel (which Defendant Green concedes), it addresses only the procedures for fact-finding hearings and not for preliminary parole violation hearings.  Because Plaintiff does not indicate that Defendant Green played a role in his fact-finding hearing, § 791.240a is inapplicable.

9

"documentary evidence [he] brought with [him] in [his] backpack at the Detroit Reentry Center" (Id); however, he does not explain what allegedly happened in this regard.

To establish a due process violation, Plaintiff must demonstrate that he was deprived of a liberty interest implicated by the Constitution or state law. *Ford v. Wainwright*, 477 U.S. 399, 428 (1986). A liberty interest must "rise to more than an abstract need or desire, and must be based on more than a unilateral hope." *Kentucky Dept. of Corr. Thompson*, 490 U.S. 454, 460 (1989) (internal citations and quotations omitted). Instead, "an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Id.* Thus, in order to demonstrate that Defendant Green is not entitled to qualified immunity, Plaintiff must show that (1) he had a liberty interest in the appointment of an attorney at his preliminary parole violation hearing and (2) that right was clearly established.

To date, no controlling authority or consensus of persuasive authority has established that Plaintiff has a liberty interest in having an attorney at a preliminary parole violation hearing. The Supreme Court has set out the due process requirements for a preliminary hearing to revoke parole. First, a "minimal inquiry must be conducted at or reasonably near the place of the alleged parole violation . . . ." *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). Second, the hearing should be conducted by "someone not directly involved in the case." *Id.* Prior to the

10

hearing, the parolee must be given notice, including where the hearing will take place, its purpose, and what violations have been alleged. *Id.* at 486-87. During the hearing, the parolee is entitled to "appear and speak on his own behalf," and bring documents, letters, or introduce individuals who can give information to the hearing officer. *Id.* at 487. Under *Morrissey*, a parolee is not entitled to an attorney at a preliminary parole violation hearing. Accordingly, Plaintiff could only have a liberty interest in the appointment of an attorney at this stage in the proceedings if it is established by Michigan law. *See, e.g., Fields v. Henry Cnty. Tenn*, 701 F.3d 180, 185-86 (6th Cir. 2012) (addressing a due process claim in which the plaintiff asserted that his liberty interest arose from state law).

Michigan law does not establish a liberty interest in the appointment of counsel at a preliminary parole violation hearing. The requirements under Michigan law are largely the same as those set out in *Morrissey*. A parolee accused of a parole violation must be given the appropriate written notice prior to the hearing. Mich. Comp. Laws § 791.239a. Specifically, a "written notice of the charges, time, place, and purpose of the preliminary hearing. Mich. Comp. Laws § 791.239a(2). At the hearing, the parolee is entitled to the following rights:

> (a) Disclosure of the evidence against him or her.
> (b) The right to testify and present relevant witnesses and documentary evidence.
> (c) The right to confront and cross-examine adverse witnesses unless the person conducting the preliminary hearing finds on

11

> the record that a witness is subject to risk of harm if his or her
> identity is revealed.

Mich. Comp. Laws § 791.239a(3). This provision does not introduce any rights in addition to those set out by the Supreme Court in *Morrissey*.

Here, Plaintiff asserts that he told Defendant Edwards that he would like an attorney to be appointed and Defendant Edwards never relayed the information to Defendant Green. Plaintiff apparently contends that this failure prevented him from exercising his rights at the hearing, because he was unable to present witnesses in his favor, to present documentary evidence, and to confront and cross-examine adverse witnesses. However, the Due Process clause of the Fourteenth Amendment does not establish a liberty interest in the appointment of an attorney at a preliminary parole violation hearing. Nor does Michigan law. Accordingly, I recommend that the Court grant Defendant Green's motion for summary judgment in part on this basis.

> **2.      In His Motion for Summary Judgment, Defendant Green Does Not Address the Remainder of Plaintiff's Claims Against Him.**

Defendant Green does not, however, address Plaintiff's claim that he was denied the right to present witnesses and documentary evidence and to cross examine adverse witnesses, rights to which he has a liberty interest under Michigan law. Mich. Comp. Laws § 791.239a(3). To be sure, Plaintiff's claims are fairly vague, but he does provide a sworn and notarized statement that he was denied

12

these rights, to which Defendant Green does not respond.   Accordingly, I do not recommend that summary judgment be granted on the basis of qualified immunity as to these issues.

> **3.     The Court Should Dismiss Plaintiff's Claims Against Defendant Green in their Entirety for Failure to State a Claim Upon Which Relief May be Granted Pursuant to 28 U.S.C. § 1915.**

Plaintiff brings this case pursuant to 28 U.S.C. § 1915.  (DE 2.)  Congress enacted 28 U.S.C. § 1915 seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statue, which requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and

13

1915(e)(2)(B)(ii)).  Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2) & (3).  While this pleading standard does not require "detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Put another way, a plaintiff must, at a minimum, make sufficient allegations to give defendants fair notice of the claims against them.

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

While Defendant Green does not argue that he is entitled to quasi-judicial immunity as a result of his status as the parole officer who oversaw Plaintiff's preliminary parole violation hearing, the Court may *sua sponte* dismiss Plaintiff's claims against Defendant Green on this basis pursuant to § 1915.  The Sixth Circuit has ruled that a probation officer performing duties to ensure that a probationer is

14

complying with the terms of his or her probation is entitled to absolute, quasi-judicial immunity from liability in a civil rights action. *Loggins v. Franklin Co., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007) (citing *Balas v. Leishman-Donaldson*, 976 F. 2d 733, at *5 (6th Cir. 1992)); *see also Fleming v. Martin,* 24 F. App'x. 258, 259 (6th Cir. 2001) (citing cases from other circuits); *Bennett v. Batchik,* 743 F.Supp. 1245, 1251 (E.D.Mich.1990).  This immunity has also been applied in the context of state parole officers performing functions that are judicial in nature.  *Draine v. Leavy*, 504 F. App'x 494, 495 (6th Cir. 2012); *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (concluding that parole board members were absolutely immune from liability for their conduct in individual parole decisions and that "those who make recommendations concerning parole also enjoy absolute immunity." (internal citations omitted)); *Goodwin v. Hamilton*, No. 10-cv-11909, 2011 WL 893139, at *7 (E.D. Mich. Jan. 13, 2011) *report and recommendation rejected in part on other grounds*, No. 10-cv-11909, 2011 WL 893118) (E.D. Mich. Mar. 14, 2011) ("Generally, parole officers are entitled to quasi-judicial immunity when they are performing a judicial function.).   Here, Plaintiff's complaints against Defendant Green deal entirely with his handling of the preliminary parole violation hearing, the purpose of which is to "determine whether there is probable cause to believe that the conditions of parole have been violated."  Mich. Comp. Laws § 791.239a(1).

Where, as here, a parole officer "seeks to determine whether a defendant is complying with the terms of [parole]," he or she is performing a quasi-judicial function and is entitled to quasi-judicial immunity. *Balas*, 976 F. 2d at *5; *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012 (concluding that probation officers were performing a judicial function, and therefore entitled to quasi-judicial immunity, when they determined that the plaintiff had violated the terms of his probation.). Accepting all of Plaintiff's allegations against Defendant Green as true, he fails to state a claim upon which relief can be granted because Defendant Green is entitled to judicial immunity. The purpose of the preliminary parole violation hearing was for Defendant Green to make a recommendation concerning Plaintiff's parole. As such, he was entitled to quasi-judicial immunity. *See Horton*, 137 F. App'x at 775. Accordingly, I recommend that the Court *sua sponte* dismiss Plaintiff's claims against Defendant Green on the basis of quasi-judicial immunity. *See Murry v. Oakland Co. Prob.*, No. 2:09-cv-11395, 2009 WL 1259722, at *3, C.J. Rosen (E.D. Mich. Apr. 29, 2009) (*sua sponte* dismissing the plaintiff's claim against a probation officer pursuant to § 1915 on the basis of quasi-judicial immunity).

### D.   <u>Conclusion</u>

In sum, Defendant Green's motion for summary judgment should be granted in part and denied in part. Specifically, Defendant Green is entitled to qualified

immunity on the basis that Plaintiff did not have a liberty interest in the appointment of counsel at his preliminary parole violation hearing.  Since Defendant Green did not address the remainder of Plaintiff's allegations against him related to the hearing, I have not determined where he is entitled to a grant of summary judgment on those issues.  However, having performed a screen of Plaintiff's complaint, as required by 28 U.S.C. § 1915(e), I recommend that the Court *sua sponte* dismiss Plaintiff's claims against Defendant Green because he is entitled to quasi-judicial immunity for his actions as the hearing officer at Plaintiff's preliminary parole violation hearing.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Green.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

17

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 29, 2015                    s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 29, 2015, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti

18