UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Van Jenkins,

                Plaintiff,      Case No. 14-cv-11812
                                   Hon. Judith E. Levy
v.                                Mag. Judge Anthony P. Patti

Michigan Department of
Corrections, *et al.*,

                Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [68] TO GRANT IN PART AND DENY IN PART DEFENDANT GREEN'S MOTION FOR SUMMARY JUDGMENT [39] AND TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT GREEN PURSUANT TO § 1915 *SUA SPONTE*__**

Before the Court is plaintiff's objection to the Magistrate Judge's Report and Recommendation to Grant in Part and Deny in Part Defendant Green's Motion for Summary Judgment and to Dismiss Plaintiff's Claims Against Defendant Green Pursuant to § 1915 *Sua Sponte*. (Dkt. 73.)

For the reasons set forth below, plaintiff's objections are rejected and the Report and Recommendation is adopted as the findings and conclusions of this Court.

## I. Background

The facts of this case were set out in a clear and accurate fashion in the February 27, 2015 Report and Recommendation that was adopted by this Court on June 4, 2015. (Dkt. 45; Dkt. 59.) Facts relevant to this motion are also set forth in a clear and accurate fashion in the July 29, 2015 Report and Recommendation and are adopted here. (Dkt. 68.)

## II. Standard of Review

Before the Court is a dispositive motion to which the plaintiff objects. (*See* Dkt. 68; Dkt. 72.) District courts review *de novo* those portions of a Report and Recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a Report and Recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 869 (E.D. Mich. 2004). But objections to the Report and Recommendation must not be overly general, such as objections that dispute the

correctness of the Report and Recommendation but fail to specify findings believed to be in error. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *see also Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

Plaintiff filed a "Motion to Vacate Defendant Adrian L. Green's Summary Judgment and on the Basis of Quasi-Judicial Immunity," see

(Dkt. 73), which the Court construes as an objection to the Magistrate Judge's Report and Recommendation to Grant in Part and Deny in Part Defendant Green's Motion for Summary Judgment and to Dismiss Plaintiff's Claims Against Defendant Green Pursuant to § 1915 *Sua Sponte*. (*See* Dkt. 68.) A *pro se* litigant's objection should be liberally construed. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even construing the objection liberally, plaintiff fails to state a proper basis for objecting to the Report and Recommendation.

The Local Rules for the Eastern District of Michigan require that the objecting party "specify the part of the order, proposed findings, recommendations, or report to which a person objects . . . [and] state the basis for the objection." E.D. Mich. LR 72.1(d)(1). Plaintiff does not do so. He instead argues that "defendants and the U.S. Magistrate Judge Anthony P. Patti did not give proper Notice of this Motion . . . and that the failure to oppose the motion was due to suprise [sic] and excusable neglect or the fraud or misrepresentation of Defendants." (Dkt. 72 at 1-2.) But the motion that plaintiff refers to is not at issue here. (*See* Dkt. 72 at 2 ("Plaintiff was ordered by the U.S. Magistrate Judge Anthony P. Patty to respond to the Defendants' Motion to Stay

4

Discovery by May 20, 2015. The U.S. Magistrate have [sic] not yet issued any decision of the Defendant's [sic] Motion To Stay Discovery not plaintiff's Responsive pleadings believing to give rise to due process regarding a fair hearing or under the fair hearing doctrine.").) Plaintiff also argues that defendant Green generally violated plaintiff's rights to "Disclosure of the evidence, present relevant witnesses and to have assistance of counsel at a fair hearing" at his "preliminary parole violation hearing." (Dkt. 72 at 2.) Although plaintiff has failed to properly object to the Report and Recommendation, the Court has reviewed the issues raised in defendant's Motion for Summary Judgment and agrees with the conclusions reached by the Magistrate Judge.

> ***a. Defendant Green is entitled to summary judgment on the basis of qualified immunity as to plaintiff's claim regarding the failure to provide him an attorney at his parole hearing, but not as to plaintiff's other claims.***

Defendant Green did not violate plaintiff's due process rights when defendant did not appoint plaintiff an attorney during the preliminary parole hearing because plaintiff does not have a liberty interest in having an attorney appointed at such a hearing under federal or state law. But summary judgment will not be granted on

5

plaintiff's other claims, because Green fails to address them in his Motion for Summary Judgment. (*See* Dkt. 39 at 11.)

To establish that his due process rights were violated, plaintiff must demonstrate that he was deprived of a liberty interest implicated by the United States Constitution or state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). This requires that "an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). Under the doctrine of qualified immunity, defendant is protected unless plaintiff can establish that "the violation of a constitutional right has occurred," and that the "constitutional right at issue was clearly established at the time of defendant's alleged misconduct." *Grawey v. Drury*, 567 F.3d 302, 309 (6th Cir. 2009); *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013) (a constitutional right is clearly established if there is "on-point, controlling authority or a 'robust consensus of cases of persuasive authority'") (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011)); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) (holding that courts analyzing claims of qualified immunity

are not required to first determine whether the facts shown by plaintiff demonstrate a constitutional violation). In order to proceed, plaintiff must show that he had a liberty interest in the appointment of an attorney at his preliminary parole violation hearing and that the right to an attorney at such a hearing was clearly established under the United States Constitution or Michigan law.

Plaintiff has not established that he has a liberty interest in being appointed an attorney at a preliminary parole violation hearing under the Constitution. To satisfy the Due Process clause of the Fourteenth Amendment, a preliminary hearing to revoke parole requires a "minimal inquiry . . . at or reasonably near the place of the alleged parole violation," conducted by "someone not directly involved in the case." *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). The parolee must be given notice, including where the hearing will take place, its purpose, and what violations have been alleged. *Id.* at 486-87. At the hearing, the parolee is entitled to "appear and speak on his own behalf" and "bring documents, letters, or introduce individuals who can give information to the hearing officers." *Id.* at 487. But due process does

7

not require that a parolee be provided an attorney at a preliminary parole violation hearing.

Michigan law provides the same general rights. Under Michigan law, the accused parolee is entitled to "a preliminary hearing" in which the accused "shall be given written notice of the charges, time, place, and purpose of the preliminary hearing" prior to the hearing. Mich. Comp. Laws § 791.239a(1)-(2). At the preliminary hearing, the accused parolee has the right to "[d]isclosure of the evidence against him," "[t]he right to testify and present relevant witnesses and documentary evidence," and "[t]he right to confront and cross-examine adverse witnesses unless the person conducting the preliminary hearing finds on the record that a witness may be subjected to risk of harm if his or her identity is revealed." Mich. Comp. Laws § 791.239a(3). But Michigan law does not require that the accused parolee be provided an attorney.

Plaintiff alleges that he told defendant Edwards that he would like an attorney present and that defendant Edwards never relayed the information to defendant Green. (*See* Dkt. 41 at 92.) The Court agrees

with the Magistrate Judge that neither the Due Process clause of the Fourteenth Amendment nor Michigan law establish a liberty interest in the appointment of an attorney at a preliminary parole violation hearing. Defendant Green's Motion for Summary Judgment as to this claim is therefore granted. But summary judgment is denied as to plaintiff's other claims—that plaintiff was not able to present witnesses in his favor, present documentary evidence, or confront and cross-examine adverse witnesses—because plaintiff has a liberty interest in those claims under the Due Process clause and Michigan law, and Green does not address them in his motion.

### b. Plaintiff's claims against defendant Green are dismissed in their entirety pursuant to 28 U.S.C. § 1915 because he is entitled to absolute immunity.

Plaintiff sought leave to bring this case *in forma pauperis* under 28 U.S.C. § 1915(a), which the Court granted. (Dkt. 2.) Under Section (e) of the statute, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see Denton v. Hernandez*, 504 U.S. 25, 31 (1992). While *pro se* complaints are held to "less stringent standards than

9

formal pleadings drafted by lawyers," see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "courts should not have to guess at the nature of the claim asserted," see *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff generally claims that defendant Green violated his due process rights at a preliminary parole violation hearing when plaintiff was not able to present witnesses in his favor, present documentary evidence, confront and cross-examine adverse witnesses, and was not provided an attorney. A probation officer performing duties to ensure that a probationer is complying with the terms of his or her probation is entitled to absolute, quasi-judicial immunity from liability in a civil rights action. *See Loggins v. Franklin Co., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases from other circuits). Such immunity extends to state parole officers performing functions that are judicial in nature. *See Draine v. Leavy*, 504 F. App'x 494, 495 (6th Cir. 2012). And parole officers seeking "to determine whether a defendant is complying with the terms of" his parole are performing a judicial function. *See Huffer v.*

10

*Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (probation officers performed judicial function when they determined that plaintiff had violated terms of his probation).

Plaintiff alleges that Green violated plaintiff's rights as the parole officer in plaintiff's preliminary parole violation hearing, the purpose of which was to "determine whether there is probable cause to believe that the conditions of parole have been violated." *See* Mich. Comp. Laws § 791.239a(1). The Court agrees with the Magistrate Judge that Green is entitled to quasi-judicial immunity, because the purpose of the preliminary parole violation hearing was for Green to make a recommendation concerning plaintiff's parole. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[T]hose who make recommendations concerning parole . . . enjoy absolute immunity.") (internal citations omitted). Although Green failed to make the argument, and the Court would have deemed the defense of absolute immunity waived under other circumstances, the Court is bound to dismiss the case on this basis. 28 U.S.C. § 1915(e)(2)(B)(iii) (the court "shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune

from such relief"); *see Carlton v. Baird*, 72 F. App'x 367, 368 (6th Cir. 2003) ("[W]e conclude that the district court was required to dismiss this complaint because it sought monetary relief from a defendant who is entitled to absolute immunity.").

## IV. Conclusion

Defendant Green's Motion for Summary Judgment is granted in part as to plaintiff's claim that he was denied his right to due process when he was not appointed an attorney at his preliminary parole violation hearing, and denied in part as to plaintiff's other due process claims against defendant Green. However, the Court *sua sponte* dismisses plaintiff's claims against defendant Green because defendant is entitled to absolute immunity.

IT IS SO ORDERED.

Dated: September 8, 2015          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2015.

s/Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager