UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

              Plaintiff                       Case No. 5:14-cv-11812
                                            District Judge Judith E. Levy
v.                                    Magistrate Judge Anthony P. Patti

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

              Defendants
_____/

## REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST PATRICK M. CLARK FOR FAILURE TO EFFECT TIMELY SERVICE AND TO DISMISS THIS ACTION

**I.**     **RECOMMENDATION**: The Court should dismiss Plaintiff's claims

against Patrick M. Clark for failure to serve Mr. Clark within the time period

required by Federal Rule of Civil Procedure 4(m).  Because Mr. Clark is the last

remaining Defendant named in this action, I further recommend that the Court

dismiss this case in its entirety.

**II.**     **REPORT**

    **A.  Background**

    On May 13, 2014, the Court permitted Plaintiff to proceed *in forma pauperis*

("IFP") on his claims against Defendants Patrick M. Clark, Officer Fox, Erika T.

Saxton, Officer Bradley, Gary Edwards, Fern Bean[1], Adrian Green, and A. White.
Waivers of service were returned executed for all Defendants except for Mr. Clark
and Mr. Green.  On September 10, 2014, the Court ordered that the U.S. Marshals
attempt to serve Mr. Clark and Mr. Green.  (DE 28.)  Accordingly, the U.S.
Marshals attempted service again, and a waiver was returned executed for Mr.
Green on October 7, 2014.  (DE 35.)  On October 16, 2014, the waiver was
returned once again unexecuted as to Mr. Clark, with a notation that Mr. Clark no
longer worked for the Michigan Department of Corrections.  (DE 37.)

On August 18, 2015, the Court issued an order requiring Plaintiff to show
cause as to why the Court should not dismiss Mr. Clark from the action and why
the Court should instead allow an extension of time in which to effect service.  In
addition, the Court asked Plaintiff to provide a reasonable timeline in which to
effect service, should the Court allow such an extension.  The Court cautioned
Plaintiff that failure to provide an adequate response would result in a Report and
Recommendation that his claims against Mr. Clark be dismissed.

Plaintiff filed a timely response, in which he indicates that he was entitled to
service by the U.S. Marshals pursuant to his status as an IFP prisoner under 28
U.S.C. § 1915.  Further, he contends that Mr. Clark breached his duty to the Court
by failing to provide an updated address. Plaintiff also alleges that the MDOC has

---

[1] Ms. Bean's name was misspelled as "Beam" in Plaintiff's amended complaint.

interfered with his legal mail and has denied his Food Service pay wages.  Finally, he seeks an appointment of counsel in order to properly litigate the case.

**B. Analysis**

Several of Plaintiff's arguments can be addressed without much comment. First, although Plaintiff correctly points to the Court's Notice Regarding Parties' Responsibility to Notify Court of Address Change to demonstrate that parties have such responsibilities, Mr. Clark has not been served with the complaint in this action, and is therefore not a *party* with its attendant responsibilities.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").  Second, Plaintiff's additional claims related to his treatment by the MDOC and his prison employment is outside of the scope of his amended complaint and therefore not relevant to his response to the show-cause order.  I will address Plaintiff's more substantive arguments in turn.

### 1.     Appointment of Counsel

To the extent Plaintiff moves the Court to request appointment of counsel, such a request is denied.[2]  The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the

---

[2] Although Plaintiff styles his request as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings IFP are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

4

complexity of the legal and factual issues raised, and (4) the ability of the litigant
to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir.
2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v.
Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Here, the probable merit of Plaintiff's
claims weighs in favor of denying his request for counsel. His claims against
every Defendant who has appeared in this case have been dismissed. Further, the
legal and factual issues raised are sophisticated, but not overly complex. Finally,
Plaintiff has repeatedly shown the ability to timely respond to the Court's requests
and seek relevant discovery from Defendants. Accordingly, there are no
exceptional circumstances meriting the Court's request for *pro bono* counsel in
this case.

   **2.**  **Service by the U.S. Marshals**

      **a.**  **Plaintiff Fails to Show Good Cause for an Extension**
         **of Time Under Rule 4(m)**

 Rule 4(m) provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is
> filed, the court—on motion or on its own after notice to the plaintiff—
> must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time. But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the Court notified Plaintiff of the deficiency in its
August 18, 2015 Show Cause Order. (DE 70.) In his response to the Show Cause

Order, Plaintiff admits that service has not been effected on Mr. Clark, and more than 120 days have elapsed since he filed his complaint in 2014. (DE 77 at 1-3.) Applying the foregoing authority, if Plaintiff can show good cause for his failure to serve Mr. Clark within the 120 day time period, the Court must extend the time for service.

Plaintiff's good-cause argument is somewhat persuasive, but ultimately unsuccessful. Specifically, Plaintiff asserts that, because the U.S. Marshals were responsible for service, his status as an IFP filer constitutes good cause for extending the service timeline provided by Rule 4(m). In summary, because Plaintiff was merely waiting for the U.S. Marshals to serve Mr. Clark, he contends that he was not required to take additional action and that the Court should grant the U.S. Marshals additional time in which to effect service.

Although a plaintiff generally bears the burden of effecting service, where he or she is "authorized to proceed in forma pauperis under 28 U.S.C. §1915," the court must order that "service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . ."). As a result, the failure of the U.S. Marshals to accomplish their duty to issue and serve process can constitute a showing of good cause to extend the timeline for service under Rule 4(m). *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996). Plaintiff argues exactly this point,

6

noting that the Court granted his application to proceed IFP pursuant to 28 U.S.C. § 1915 and thereby service of Defendants came under the Court's authority. (DE 77 at 2.)  According to Plaintiff, therefore, the failure of the U.S. Marshals to serve Mr. Clark represents good cause for extending the timeframe under 4(m).

While Plaintiff is correct that his status as an IFP filer puts service under the authority of the Court and the U.S. Marshals, this authority "does not totally divest a[n] *in forma pauperis* plaintiff of the responsibility to assure that service is perfected." *Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 4914837, at *2 (S.D. Ohio Oct. 17, 2011).  Instead, courts have held that such a plaintiff "may not remain silent and do nothing to effectuate" service by the U.S. Marshals. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  In *Rochon*, the plaintiff was aware that the U.S. Marshals' attempts to serve a defendant by mail had been unsuccessful, but failed to request proper service.  The Court concluded that dismissal was appropriate where the IFP plaintiff was on notice of the failure to effect service and did not take any action to assure timely service.  This was so because his own "inaction and dilatoriness" led to the failure in service.[3] *Id.*  The Sixth Circuit considered the *Rochon* holding with respect to the Rule 4(m)

---

[3] The district court in *Rochon* dismissed the case for failure to prosecute under Rule 41 rather than failure to perfect service under Rule 4(m).  *See Rochon*, 828 F.2d at 1110.  The Fifth Circuit noted, however, that the "issue presented before this Court is the extent to which a plaintiff proceeding in forma pauperis may rely upon the U.S. Marshal's Service to effect proper service of process on a defendant." *Id.* at 1109.

7

dismissal of an IFP plaintiff in 2005. *Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005). Although the *Abel* Court ultimately concluded that good cause existed for granting an extension of time in which to effect service, it emphasized that "in contrast to the plaintiff in *Rochon*, Abel did not idly sit by when he knew there was a problem with service on the defendants." *Id.* The *Abel* Court pointed out that the plaintiff contacted the U.S. Marshals' service regarding the service issues.

The Eastern District of Michigan has also applied the *Rochon* reasoning in a case very similar to the instant matter. In *VanDiver v. Martin*, 304 F.Supp. 2d 934, 941-42 (E.D. Mich. 2004), summonses were returned unexecuted for two MDOC defendants, with a notation that those individuals were no longer employed by the MDOC. The *VanDiver* plaintiff did not take further action in order to address service issues, even after he was on notice that the MDOC defendants had not been served, and the Court dismissed his action against those defendants pursuant to Rule 4(m). The Court noted that his "failure to act or to even notify or request that the [U.S. Marshals] attempt to locate Defendants . . . supersedes any neglect on behalf of the government agency." *Id.* at 943.

Here, Plaintiff initially provided an address at which to attempt service on Mr. Clark. Since then, he has been made aware that Mr. Clark had not been served several times. (DE 28, 37, and 56 at 9 n. 1.) The second waiver of service was returned unexecuted on Mr. Clark on October 16, 2014, and Plaintiff did not take

8

any action in the next eleven months in order to ensure service.  At no point in the eleven months since the attempts to serve Mr. Clark failed did Plaintiff attempt to contact the Court or the U.S. Marshals in order to ensure that service was effected. The Court also informed Plaintiff of this lapse in its August 18, 2015 Order to Show Cause.  (DE 70.)  Even in his response to the Court's show cause order, however, he did not provide an alternate address for Mr. Clark or propose any other plan of action for the U.S. Marshals to attempt service for a third time. Accordingly, the record as a whole reflects inaction and idleness on the part of Plaintiff and I conclude that Plaintiff has failed to demonstrate good cause for an extension of time within the meaning of Rule 4(m).

### b. The Court Should Not Grant a Discretionary Extension

Nevertheless, the Court has discretion to grant a service extension even absent a showing of good cause.  *See, e.g. Dudzinski v. Spirit Airlines, Inc.*, No. 09-15009, 2013 WL 1211315, at *1 (E.D. Mich. Mar. 5, 2013).  Courts in this district consider five questions in determining whether a discretionary extension is proper, namely, whether:

> (1) a significant extension of time is required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant has actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; *i.e.*, would his lawsuit be time-barred; and (5) the plaintiff has made any good faith efforts at effecting proper service of process.

9

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). In the instant matter, the majority of the factors weigh against allowing a discretionary extension. First, a significant extension of time would likely be required, as service has already been attempted twice and Plaintiff does not provide another address at which to serve Mr. Clark. Furthermore, Mr. Clark is the only Defendant remaining in this action, and the case would therefore remain open *only* for this extension of service. The case has already been pending since 2014 and Plaintiff has known about the failure to serve Mr. Clark for over eleven months. Second, there is no indication that Mr. Clark had actual notice of this lawsuit, as there is evidence on the record that he no longer works for the MDOC. Third, while there is no indication that allowing an extension would prejudice Mr. Clark, there is also no showing that a dismissal without prejudice would substantially prejudice Plaintiff, and he makes no such argument. Finally, as noted above, Plaintiff has not made even cursory efforts to ensure that Mr. Clark was served for the eleven months since he learned that Mr. Clark was not served for the second time. Accordingly, I do not recommend that the Court exercise its discretion to extend the time period for service under Rule 4(m) and instead recommend dismissing Plaintiff's claims against Mr. Clark without prejudice. As a result, I further recommend dismissing this action in its entirety.

## IV.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: September 23, 2015          s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE



I hereby certify that a copy of the foregoing document was sent to parties of record
on September 23, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti